JORGENSON, Judge,
dissenting.
I respectfully dissent. The record in this case neither supports the conclusion that the trial court abused its discretion nor reflects that the prosecutor intended to antagonize Mr. Johnson. Instead the record shows that Johnson evaded the question as to whether he would disbelieve a witness just because that witness was a police officer.[1] Evasiveness or reticence of a prospective juror has been held to be a valid, racially neutral reason for a peremptory challenge. See Lennon v. State, 560 So.2d *287 308 (Fla. 1st DCA), rev. denied, 574 So.2d 141 (Fla.1990); Knight v. State, 559 So.2d 327 (Fla. 1st DCA), rev. denied, 574 So.2d 141 (Fla.1990).
It should further be noted that the prosecutor’s “bad vibes” were based on Johnson’s responses and his vigorous negative gestures. “Peremptory challenges based on bare looks and gestures are not acceptable reasons unless observed by the trial judge and confirmed by the judge on the record.” Wright v. State, 586 So.2d 1024 (Fla.1991) (emphasis added). This is precisely what happened in this case.[2]
Trial courts enjoy broad discretion to control the prejudicial use of peremptory challenges.
In trying to achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges, we must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a “feel” for what is going on in the jury selection process.
Reed v. State, 560 So.2d 203 (Fla.), cert. denied, — U.S. -, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990). Finding no inherent prejudice in the selection of the jury in this case, I would affirm.

. The following exchange took place:
DEFENSE ATTORNEY: I want to point out that [the prosecutor] did go back to Mr. Johnson and ask him point blank if he could be fair, and he did say yes. I remember that particularly about the police officer.
THE COURT: And his answer was I have nothing against police officers.
PROSECUTOR: Right, but I didn’t ask him if he had anything against cops.
THE COURT: He didn’t ask about that question, but that is what he said.

. PROSECUTOR: The reason I have chosen to strike Mr. Johnson is when I asked about the police officers, and my question was, would anyone here believe a police officer more because he was wearing a shiny badge? he shook his head, and went, huh, and, like shrugged; and I got very bad vibes from that; and for that reason, I don’t want him on my jury, whether he's black, white or whatever; and also, for the record, I know it’s not one of the criteria but I do want the record clear that I have accepted two black jurors, ...
DEFENSE ATTORNEY: Judge, my position is that that’s totally insufficient. If I remember correctly, the prosecutor went out of her way to note for the record that Mr. Johnson was shaking his head, even though all of the panel was shaking their head.
THE COURT: First of all, for the record I was looking at the jury and they were not all shaking their heads. [Emphasis added.]
DEFENSE ATTORNEY: Four of them, other than Mr. Johnson.
THE COURT: His was pretty vigorous. [Emphasis added.]